IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **CHIARA JOHNS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. |
| **CUSHMAN & WAKEFIELD U.S., INC.,** | ) ) |
| Defendant. | ) |

**VERIFIED COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT &
THE MISSOURI MINIMUM WAGE LAW**

COMES NOW Plaintiff Chiara Johns ("Ms. Johns" or "Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant Cushman & Wakefield U.S., Inc. ("Cushman & Wakefield" or "Defendant") states and alleges as follows:

**NATURE OF THE COMPLAINT**

1. Plaintiff brings this action against Defendant under federal and state law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 *et seq*.

2. Plaintiff brings this action against Defendant for unpaid overtime compensation, and related penalties and damages.

3. Defendant's payroll policies and practices were and are in direct violation of the FLSA, 29 U.S.C. § 201, *et seq*.

1

4. Defendant's payroll policies and practices were and are in direct violation of the MMWL, Mo. Rev. Stat. § 290.500 *et seq.*

5. For said violations, Plaintiff seeks unpaid back wages; liquidated and/or other damages as permitted by applicable law; as well as attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6. Plaintiff Chiara Johns, at all times relevant hereto, was and is a resident of Clayton, St. Louis County, Missouri.

7. Defendant Cushman & Wakefield U.S., Inc., at all times relevant hereto, was and is a Missouri-based for-profit corporation in good standing; it may be reached for service through its registered agent CT Corporation System at 5661 Telegraph Road, Suite 4B, St. Louis, MO 63129-4275.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under Missouri state law are so related to Plaintiff's claims under federal law that they form the same case or controversy, pursuant to Article III of the United States Constitution.

10. Defendant transacts substantial business in the state of Missouri, employs citizens of the state of Missouri, and is registered and subject to service of process in Missouri. Therefore, this Court has personal jurisdiction over Defendant.

Doc ID: ef2e98ffda8345c91d535813fe7b5ef29d9b985e

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

12. Cushman & Wakefield is a full-service global commercial real estate company incorporated in the state of Missouri.

13. Cushman & Wakefield hired Plaintiff Chiara Johns on or about February 12, 2024, as a Transaction Coordinator at the hourly rate of $22.12.

14. In her position as Transaction Coordinator at Cushman & Wakefield, Ms. Johns provided landlord services, including facilities management, portfolio management, budget management, and lease negotiation.

15. Ms. Johns's official workweek at Cushman & Wakefield was Monday through Friday, 7:00 a.m. to 4:00 p.m., with a one-hour lunch break.

16. In reality, however, Ms. Johns was never able to take a bona fide lunch break during her employment at Cushman & Wakefield and typically worked at least one additional hour daily and some weekend time from home in order to keep up with her heavy workload.

17. As a result, throughout her period of employment at Cushman & Wakefield Ms. Johns worked between forty-five and sixty hours per week, with an estimated average of fifty hours of work per week.

18. Ms. Johns was required to enter her work hours in Cushman & Wakefield's Workday software system.

19. Whenever Ms. Johns entered more than forty hours of work in a workweek, however, her manager would invariably log in and reduce her hours so they did not exceed forty.

20. Ms. Johns spoke with her manager many times regarding the long hours she was putting in order to keep up with the demands of her job at Cushman & Wakefield.

Doc ID: ef2e98ffda8345c91d535813fe7b5ef29d9b985e

21. The manager's response was invariably focused on criticism of Ms. Johns for not doing enough.

22. The manager also stated that, as a matter of company policy, only employees who met Cushman & Wakefield standards were eligible for overtime pay.

23. The manager always seemed to find some failure on Ms. Johns's part as pretext for adjusting her time actually worked downward in the timekeeping system.

24. The unmistakable message conveyed by Cushman & Wakefield management was that Ms. Johns was expected to put in as many hours as the job required, but she was never to be paid for more than forty hours per week.

25. In addition to her regular duties, and on her own personal time, Ms. Johns was required by Cushman & Wakefield to complete a 60-hour online real estate license training course.

26. Cushman & Wakefield did not compensate her in any way for the many hours of overtime work this required.

27. On February 21, 2025, Ms. Johns was terminated without explanation.

## COUNT I--VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

28. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

29. At all relevant times, Defendant's annual gross business done was not less than $500,000. 29 U.S.C. § 203(s)(1)(A)(ii).

30. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

31. Accordingly, at all relevant times, Defendants were covered "employers" subject to the enterprise coverage of the FLSA. 29 U.S.C. § 203(s)(1).

32. The FLSA requires each covered employer, including Defendant, to compensate all non-

Doc ID: ef2e98ffda8345c91d535813fe7b5ef29d9b985e

exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

33. At all relevant times, Plaintiff was a non-exempt employee and subject to the coverage of the FLSA.

34. During the relevant period, Plaintiff regularly worked more than forty hours in a workweek.

35. During the relevant period, Defendant willfully failed to pay Plaintiff an overtime premium for his hours worked over forty in a given workweek.

36. Instead, Defendant paid Plaintiff the same amount each week regardless of her hours worked.

37. As a result of Defendant's failure to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the FLSA, 29 U.S.C. § 207(a)(1).

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

### COUNT II—VIOLATION OF THE MISSOURI MINIMUM WAGE LAW

40. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

41. At all relevant times, Defendant was an employer, pursuant to the MMWL. Mo. Rev. Stat. § 290.500(4).

42. At all relevant times, Plaintiff was a covered employee, pursuant to the MMWL. Mo. Rev. Stat. § 290.500 (3)

43. The MMWL requires employers, including Defendant, to pay employees for hours

Doc ID: ef2e98ffda8345c91d535813fe7b5ef29d9b985e

worked over forty in a work week "a rate not less than one and one-half times the regular rate at which he is employed." Mo. Rev. Stat. § 290.505 (1).

44. Defendant has willfully failed and refused to pay Plaintiff an overtime premium equivalent to one and one-half times her regular rate of pay whenever she worked more than forty hours in a workweek.

45. As a result of Defendant's failure to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the MMWL, Mo. Rev. Stat. § 290.505 (1).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Chiara Johns prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, treble damages, and/or other damages as permitted by applicable law in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorney's fees and expert fees;

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Doc ID: ef2e98ffda8345c91d535813fe7b5ef29d9b985e

Respectfully submitted,

s/*Philip E. Oliphant*
Philip E. Oliphant, Bar Number: 25990(TN)
THE ROLWES LAW FIRM, LLC
1951 Mignon Avenue
Memphis, TN 38107
901.519.9135 (voice)
901.979.2499 (fax)
poliphant@rolweslaw.com

Edward J. Rolwes, Bar Number: 51522(MO)
THE ROLWES LAW FIRM, LLC
2333 South Hanley Road, S. 104
St. Louis, MO 63144
314-806-9626 (voice)
314-472-0900 (fax)
erolwes@rolweslaw.com

*Attorneys for Plaintiff*

Doc ID: ef2e98ffda8345c91d535813fe7b5ef29d9b985e

## **DECLARATION AND VERIFICATION**

I, Chiara Johns, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Fair Labor Standards Act and the Missouri Minimum Wage Law are true to the best of my knowledge and belief, and that the Complaint is not made out of levity or by collusion with Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

*/s/ Chiara Johns*
_____
Chiara Johns

03 / 31 / 2025
_____
Date

Doc ID: ef2e98ffda8345c91d535813fe7b5ef29d9b985e



Audit trail

| | |
|---|---|
| Title | 250328 - Chiara Johns FLSA Complaint |
| File name | 250328 - Chiara Johns FLSA Complaint.pdf |
| Document ID | ef2e98ffda8345c91d535813fe7b5ef29d9b985e |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

## Document History

**SENT** | **03 / 28 / 2025** 11:32:54 UTC-4 | Sent for signature to Chiara Johns (chiarajohnss15@gmail.com) from philip.oliphant@att.net
IP: 68.77.193.19

**VIEWED** | **03 / 31 / 2025** 11:10:20 UTC-4 | Viewed by Chiara Johns (chiarajohnss15@gmail.com)
IP: 140.248.31.45

**SIGNED** | **03 / 31 / 2025** 11:11:06 UTC-4 | Signed by Chiara Johns (chiarajohnss15@gmail.com)
IP: 140.248.31.45

**COMPLETED** | **03 / 31 / 2025** 11:11:06 UTC-4 | The document has been completed.

Powered by Dropbox Sign